## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| ANTHONY SCALPELLI | ) | Case No. 12-05273 |
| | ) | |
| Debtor(s). | ) | Judge Hollis |

### NOTICE OF MOTION

*The following persons or entities who have been served via electronic mail:*
U.S. Bankruptcy Trustee: USTPRegion11.ES.ECF@usdoj.gov
Marilyn O. Marshall, Chapter 13 Trustee: courtdocs@chi13.com

*The following persons or entities who have been served via U.S. Mail:*
Anthony Scalpelli, 801 Hedgerow Ct., Oswego, IL 60543
Codilis and Associates, 15W030 N. Frontage Road, Suite 100, Burr Ridge, IL 60527
RBS Citizens, NA, 10561 Telegraph Rd., Glen Allen, VA 23059

Please take notice that I shall appear before the following named Bankruptcy Judge, or any other Judge presiding in her stead at Joliet City Hall, 150 W. Jefferson St., 2nd Floor, Joliet, Illinois 60432 and present the attached **Motion to Determine Final Cure and Payment Regarding Rule 3002.1,** at which time and place you may appear.

```
JUDGE:   Hollis
DATE:    June 9, 2017
TIME:    10:45 AM
```

### PROOF OF SERVICE

The undersigned certifies that a copy of this Notice of Motion and attachments were deposited at the United States Post Office, Wheeling, Illinois, 60090, on or before May 31, 2017, at 5:00p.m., with sufficient postage prepaid, or served electronically by the bankruptcy court, under oath and under all penalties of perjury.

/s/ Dustin B. Allen
Dustin B. Allen, A.R.D.C. #6312451
Attorney for the Debtor(s)

DAVID M. SIEGEL & ASSOCIATES
790 Chaddick Drive
Wheeling, IL  60090
847/520-8100

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| ANTHONY SCALPELLI | ) | Case No. 12-05273 |
| | ) | |
| Debtor(s). | ) | Judge Hollis |

### MOTION TO DETERMINE FINAL CURE AND PAYMENT REGARDING RULE 3002.1

NOW COMES the Debtor, ANTHONY SCALPELLI, by and through his attorneys, DAVID M. SIEGEL AND ASSOCIATES, to present this Motion, and in support thereof states as follows:

1. Jurisdiction is proper and venue is fixed in this Court with respect to these parties.

2. On February 14, 2012, the Debtor filed a voluntary petition for relief pursuant to Chapter 13 under Title 11 USC, and the Chapter 13 plan was confirmed on July 27, 2012. Glenn Stearns was appointed Trustee in this case.

3. On April 20, 2017, Trustee Stearns filed a Notice of Payment of Final Mortgage Cure Under Rule 3002.1(f).

4. On May 10, 2017, Citizens Bank filed a Response to Notice of Final Cure Payment. In this Response, Citizens alleges that the Debtor is not current on all postpetition payments, with a deficiency of $1,026.00. The attachment to the Response notes that the delinquent fees include $850.00 for filing an earlier motion to modify plan, as well as $176.00 for the filing fee for this motion. Both entries note that these costs were "included in repayment order entered 5/17/16." See Exhibit A (Response to Notice of Final Cure Payment, page 4).

5. The Agreed Order entered on May 17, 2016, notes that "creditor's post-petition bankruptcy fees and costs of $1,026.00 ($850.00 for the Motion to Modify and $176.00 for the filing fee) are allowed.... These fees and costs have been included in the

repayment schedule described herein." See Exhibit B (Agreed Order dated May 18, 2016, ¶9).

6. The Debtor made all payments required by the Agreed Order. As the fees and costs were included in the repayment schedule, the Debtor cannot be "not current."

7. Further, Form 4100R, Response to Notice of Final Cure Payment, requires that if the creditor states that the debtor is not current with postpetition payments, including fees and costs, the creditor "must attached an itemized payment history disclosing the following amounts from the date of the bankruptcy filing through the date of this response" including "all payment received; all fees, costs, escrow, and expenses assessed to the mortgage; and all amounts the creditor contends remain unpaid." The creditor has failed to attach a full payment history as required by the form, instead merely itemizing these two costs. See Exhibit A.

8. Rule 3002.1(h), Federal Rules of Bankruptcy Procedure, requires that the "court shall, after notice and hearing, determine whether the debtor has cured the default and paid all required postpetition amounts."

9. The Debtor seeks a determination that the Debtor has cured the default and paid all required postpetition amounts.

WHEREFORE, the Debtor, ANTHONY SCALPELLI, prays that this Honorable Court enter an Order to determine that he has cured the default and paid all required postpetition amounts, and for other such relief as the Court deems fair and proper.

Respectfully Submitted,

/s/ Dustin B. Allen
Dustin B. Allen, A.R.D.C. #6312451

DAVID M. SIEGEL & ASSOCIATES
790 Chaddick Drive
Wheeling, IL  60090
847/520-8100

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | Anthony B Scalpelli |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Northern District of Illinois (State) |
| Case number | 12-05273 |

Form 4100R

# Response to Notice of Final Cure Payment

10/15

According to Bankruptcy Rule 3002.1(g), the creditor responds to the trustee's notice of final cure payment.

### Part 1: Mortgage Information

**Name of creditor:** CITIZENS BANK NA F/K/A/ RBS CITIZENS NA       **Court claim no. (if known)** 2

**Last 4 digits** of any number you use to identify the debtor's account:   1530

**Property address:**   801 Hedgerow Court
Number   Street

Oswego       IL       60543
City       State    Zip Code

### Part 2: Prepetition Default Payments

*Check one:*

■ Creditor agrees that the debtor(s) have paid in full the amount required to cure the prepetition default on the creditor's claim.

☐ Creditor disagrees that the debtor(s) have paid in full the amount required to cure the prepetition default on the creditor's claim. Creditor asserts that the total prepetition amount remaining unpaid as of the date of this response is:   _____

### Part 3: Postpetition Mortgage Payment

*Check one:*

☐ Creditor states that the debtor(s) are current with all postpetition payments consistent with § 1322(b)(5) of the Bankruptcy Code, including all fees, charges, expenses, escrow, and costs.

The next postpetition payment from the debtor(s) is due on:   _____
MM / DD / YYYY

■ Creditor states that the debtor(s) are not current on all postpetition payments consistent with § 1322(b)(5) of the Bankruptcy Code, including all fees, charges, expenses, escrow, and costs.

Creditor asserts that the total amount remaining unpaid as of , is:

a. Total postpetition ongoing payments due:       (a) _____

b. Total fees, charges, expenses, escrow, and costs outstanding:    +   (b) $1,026.00

c. Total. Add lines a and b.       (c) $1,026.00

Creditor asserts that the debtor(s) are contractually obligated for the postpetition payment(s) that first became due on:   05/25/2017
MM / DD / YYYY

Exhibit
A

Form 4100R       Response to Notice of Final Cure Payment       page 1

| Debtor 1 | Anthony B Scalpelli | | | Case number (if known) | 12-05273 |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

## Part 4: Itemized Payment History

If the creditor disagrees in Part 2 that the prepetition arrearage has been paid in full or states in Part 3 that the debtor(s) are not current with all postpetition payments, including all fees, charges, expenses, escrow, and costs, the creditor must attach an itemized payment history disclosing the following amounts from the date of the bankruptcy filing through the date of this response:

- all payments received;
- all fees, costs, escrow, and expenses assessed to the mortgage; and
- all amounts the creditor contends remain unpaid.

## Part 5: Sign Here

The person completing this response must sign it. The response must be filed as a supplement to the creditor's proof of claim.

*Check the appropriate box:*

- ☐ I am the creditor.
- ■ I am the creditor's authorized agent.

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Sign and print your name and your title, if any, and state your address and telephone number if different from the notice address listed on the proof of claim to which this response applies.

| | | | | |
|---|---|---|---|---|
| **x** /s/ Jose Moreno | | | Date | 5/10/2017 |
| Signature | | | | |
| | | | | |
| Print | Jose Moreno | | Title | Attorney for Creditor |
| | First Name   Middle Name   Last Name | | | |
| | | | | |
| Company | Codilis & Associates, P.C. | | | |

**If different from the notice address listed on the proof of claim to which this response applies:**

| | | | | |
|---|---|---|---|---|
| Address | 15W030 North Frontage Road, Suite 100 | | | |
| | Number   Street | | | |
| | | | | |
| | Burr Ridge     IL     60527 | | | |
| | City     State     ZIP Code | | | |
| | | | | |
| Contact phone | (630) 794-5300 | | Email | ND-One@il.cslegal.com |

File #14-15-15732

12-05273

### CERTIFICATE OF SERVICE

      The undersigned, an attorney, hereby certifies that I have served a copy of this Notice upon the parties listed below, as to the Trustee and Debtor's attorney via electronic notice on May 10, 2017 and as to the debtor by causing same to be mailed in a properly addressed envelope, postage prepaid, from 7140 Monroe Street, Willowbrook, IL 60527 before the hour of 5:00 PM on May 11, 2017.

Glenn B Stearns, Chapter 13 Trustee, 801 Warrenville Road, Suite 650, Lisle, IL 60532 by electronic notice through ECF
Anthony B Scalpelli, Debtor(s), 801 Hedgerow Ct., Oswego, IL 60543
David M Siegel, Attorney for Debtor(s), 790 Chaddick Drive, Wheeling, IL 60090 by electronic notice through ECF
Office of U.S. Trustee, 219 S. Dearborn St., Room 873, Chicago, IL 60604 by electronic notice through ECF

                                      /s/ Jose Moreno

Berton J. Maley ARDC#6209399
Rachael A. Stokas ARDC#6276349
Gloria C. Tsotsos ARDC#6274279
Jose G. Moreno ARDC#6229900
Peter C. Bastianen ARDC#6244346
Scott T. Zale ARDC#6304376
**Codilis & Associates, P.C.**
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300)
**C&A FILE (14-15-15732)**

NOTE: This law firm is a debt collector.

Loan####1530-Scalpelli

Delinquent fees:

<u>$850 Motion to Modify</u>   4/15/2016, included in repayment order entered 5/17/16

<u>$176  Filing Fee</u>         3/11/2016, included in repayment order entered 5/17/16

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

IN RE:

ANTHONY B SCALPELLI

Case No. 12-05273
Chapter 13

DEBTOR(S),

Judge Bruce W. Black (Joliet)

**AGREED REPAY ORDER WITH PROVISION FOR STAY RELIEF AND CO-DEBTOR STAY RELIEF UPON DEFAULT**

THIS CAUSE coming on to be heard on the motion of CITIZENS BANK NA F/K/A RBS CITIZENS NA (hereinafter "Creditor"), as to property located at 801 Hedgerow Court, Oswego, IL, the Court having jurisdiction over the subject matter:

**IT IS HEREBY ORDERED:**

1.   That Creditor must receive the following payments by the corresponding dates:

   a.   $827.73     plus the    April 25, 2016 post-petition mortgage payment on or before May 24, 2016

   b.   $827.73     plus the    May 25, 2016 post-petition mortgage payment on or before June 24, 2016

   c.   $827.73     plus the    June 25, 2016 post-petition mortgage payment on or before the July 24, 2016

   d.   $827.73     plus the    July 25, 2016 post-petition mortgage payment on or before August 24, 2016

   e.   $827.73     plus the    August 25, 2016 post-petition mortgage payment on or before September 24, 2016

   f.   $827.73     plus the    September 25, 2016 post-petition mortgage payment on or before October 24, 2016

2.   That Creditor must receive the payments listed in Paragraph #1 on or before the corresponding date. If Creditor fails to receive any one scheduled payment, the repayment schedule is void and if the Debtor fails to bring the loan post-petition current within fourteen (14) calendar days after mailing notification to the Debtor and his attorney, the stay and co-debtor stay shall be automatically terminated as to Creditor, its principals, agents, successors and/or assigns

Exhibit
B

property securing its interest, upon filing of notice of same with the clerk of the court;

3. That upon completion of the repayment schedule of paragraph #1 or tender of funds to bring the loan post-petition current under paragraph #2, the Debtor must continue to make "timely" post-petition mortgage payments directly to the Creditor continuing monthly thereafter for the pendency of the bankruptcy;

4. That a payment is considered "timely", if the full payment is received in the office of the Creditor on or before the day it is due per the Note and Mortgage and a late charge is due on all payments received after the 15th day of the date which the payment is due per the Note and Mortgage (this provision applies only to the triggering of this order and does not affect what constitutes currency of the loan post-petition);

5. That if Creditor fails to receive two "timely" post-petition monthly mortgage payments and if the debtor fails to bring the loan post-petition current within fourteen (14) calendar days after mailing notification to the Debtor and his attorney, the stay and co-debtor stay shall be automatically terminated as to Creditor, its principals, agents, successors and/or assigns as to the property securing its interest, upon filing of notice of same with the clerk of the court;

6. That the Debtor shall make "timely" Chapter 13 plan payments to the trustee beginning with the first payment due the trustee under the plan and continuing monthly thereafter;

7. That a payment to the trustee is considered "timely" if the full monthly payment is received in the office of the standing trustee on or before the 14th of the month in which it is due;

8. That if the Debtor fails to make two "timely" trustee plan payments and if the debtor fails to bring the Chapter 13 plan payments completely current within fourteen (14) calendar days after mailing notification to the Debtor and her attorney, the stay and co-debtor stay shall be automatically terminated as to Creditor, its principals, agents, successors and/or assigns as to the property securing its interest, upon filing of notice of same with the clerk of the court;

9. Creditor's post-petition bankruptcy fees and costs of $1,026.00 ($850.00 for the Motion to Modify and $176.00 for the filing fee) are allowed and may be added to the indebtedness

secured by the subject mortgage. These fees and costs have been included in the repayment schedule described herein. Creditor is not required to file a Notice of Post-petition Mortgage Fees under Rule 3002.1 for this amount;

10. In the event that Codilis & Associates, P.C. should have to send out any Notices of Default, Creditor may include up to $100 per notice, as additional attorney fees, that the Debtor must pay in addition to whatever funds are needed to cure the default and that said additional funds must be tendered prior to the expiration of the cure period set forth in the Notice. Creditor is not required to file a Notice of Post-petition Mortgage Fees under Rule 3002.1 for this amount;

11. In the event the instant bankruptcy proceeding is converted to chapter 7, dismissed or discharged, this Order shall be terminated and have no further force or effect.

DATED: 5/17/16

ENTER:

_/s/ Bruce W. Black_
UNITED STATES BANKRUPTCY JUDGE

Berton J. Maley ARDC#6209399
Rachael A. Stokas ARDC#6276349
Gloria C. Tsotsos ARDC#6274279
José G. Moreno ARDC#6229900
Peter C. Bastianen ARDC#6244346
Joel P. Fonferko ARDC#6276490
Codilis & Associates, P.C.
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
**C & A File No. (14-15-15732)**